# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

Kristine L. Earlywine,                                          Case No.  15-01359-als7

       Debtor(s)                                                  Chapter 7

## MEMORANDUM OF DECISION
(date entered on docket: April 25, 2016)

      Before the Court are Pedro Garza's Motions to Extend Time to file complaints and the Debtor's objections are before the Court.  The Court has jurisdiction of this matter under 28 U.S.C. sections 157(b)(1) and 1334.  For the reasons stated here: the Motions to Extend Time are denied.

## FACTS

      On January 12, 2012 the District Court in Douglas County Nebraska entered summary judgment in favor of Peoples National Bank (the "Bank") in its lawsuit to enforce collection of three notes against the following defendants: House of Shine, Inc., Garza Enterprises II, Inc., Pedro Garza and Kris Earlywine.  Under that judgment House of Shine, Inc. and Earlywine were held jointly and severally liable for the amount of $93,813.17 under two notes; Garza Enterprises II was held liable for a third note in the amount of $152,715.46.  Shortly after on January 17, 2012, the Bank assigned its judgment against House of Shine, Inc. and Earlywine to Pedro Garza ("Garza").

In early June 2015 Earlywine contacted her attorney to discuss filing bankruptcy. During the time period between that contact and her petition date, attorney Ashley West of the Mumm Law Firm located in Missouri Valley was in contact with Earlywine's counsel related to the Nebraska judgment. On June 30, 2015 Earlywine filed a voluntary chapter 7 petition. Schedule F identified People's National Bank as a creditor that was owed an unknown amount arising from a guaranty of business debt. The schedules filed by Earlywine did not originally list Garza as a creditor. Ashley West of the Mumm Law Firm was included on the creditor mailing matrix to receive notice of the bankruptcy filing. Complaints objecting to discharge or dischargeability were to be filed no later than September 19, 2015. The day before Earlywine's discharge was scheduled to be entered Garza filed two Motions requesting a 60 day extension of time to file a complaint under 11 U.S.C. § 727 and 11 U.S.C. § 523 respectively. The basis of these Motions was Earlywine's intentional or inadvertent failure to provide him notice of her bankruptcy filing prejudiced his ability to file a complaint. Garza contends that he was not properly notified of the bankruptcy proceeding and therefore did not have sufficient time to object to discharge of the debt owed to him.

## DISCUSSION

Garza relies upon the assignment of the judgment to prove that Earlywine was aware of his status as a creditor and failed to provide him notice of her bankruptcy filing. The face of the assignment does not include an indication of service, no docket report has been cited to reflect service, and Garza does not state that he provided a copy of the assignment to her. There is simply a lack of evidence that demonstrates that Earlywine knew that Garza was a creditor by virtue of the assignment at the time she filed her bankruptcy petitions. The first clear indication

that Earlywine became aware of this fact is a letter she received dated August 21, 2015 from Brumbaugh & Quandahl stating that the firm represented Garza related to that obligation. On August 28, 2015, after receiving this information, Earlywine amended Schedule F to reflect the amount owing under the judgment and added the following names and addresses to the mailing matrix:

> Garza Enterprises II, Inc., 25 s (sic) 15th St, Council Bluffs, IA 51501
>
> House of Shine, Inc., 1299 Farnam Street, Omaha, NE 68102
>
> Mumm Law Firm, Ashley N. West, 400 E. Erie, Missouri Valley, IA 51555
>
> Pedro Garza, c/o Katie Hartung Brumbaugh & Quandahl, P.C., 4885 South 118 Street, Suite 100, Omaha, NE 68137
>
> Pistillo & Pistillo P.C., 12127 Pacific Street, Omaha, NE 68154

Earlywine cites to 11 USC § 342(c)(2)(A) to support her position that notice to Garza was proper. That statute states:

> If, within the 90 days before the commencement of a voluntary case, a creditor supplies the debtor in at least 2 communications sent to the debtor with the current account number of the debtor and the address at which such creditor requests to receive correspondence, then any notice required by this title to be sent by the debtor to such creditor shall be sent to such address and shall include such account number.

Notice was provided to the attorney representing Garza's interests involving collection of the judgment at the address that was supplied.

Garza disavows this professional relationship identified by Earlywine. According to his affidavit, Garza relied upon his counsel in the state court proceeding to arrange representation on the collection of the judgment from Earlywine. On February 3, 2014, without ever meeting this

attorney, Garza executed a retainer agreement with Joel T. Niebaum an attorney with an office located in Missouri Valley, Iowa. Garza terminated his client relationship with Neimbaum on July 23, 2015.

There is no question that communications regarding Earlywine's bankruptcy filing and a Judgment Debtor's Exam occurred between the Mumm Law Firm and Earlywine's counsel. There is nothing in the record to establish that Ashley West specifically identified her client as Pedro Garza. She did, however, indicate that she had an affiliation with Neibaum, an attorney engaged by Garza. The general rule is that "adequate notice to or actual knowledge acquired by an agent is imputed to the principal. This rule also applies to the relation of attorney and client. Notice or knowledge is imputed when the agent is acting within the scope of his authority and the knowledge pertains to matters within the scope of the agent's authority." *In re Linzer*, 264 B.R. 243, 248 (Bankr. E.D.N.Y. 2001) (citations omitted). This general rule applies to bankruptcy cases. *Id.* (citations omitted). "Knowledge by an agent of a creditor of the pendency of a bankruptcy case will be imputed to the creditor if his agent was employed to collect the debt or was in charge of its collection." *Id.* (citations omitted). Neibaum represented Garza on the date Earlywine filed bankruptcy, and notice according to that statutory provision was correctly provided by Earlywine to the Mumm Law Firm as reflected on the original mailing matrix filed with the petition. The lack of communication between Garza and his attorneys appears to be the problem, not Earlywine's failure to provide proper notice regarding her bankruptcy filing.

Federal Rule of Bankruptcy Procedure 4007(c) establishes a deadline to determine dischargeability of a debt of 60 days after the first meeting of the creditors. Fed. R. Bankr. P. 4007(c). Rule 4007 is strictly construed, similar to a statute of limitations. *See Le Grand v. Harbaugh* (*In re Harbaugh*), 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003). "The rule permits the

court to extend that deadline for cause," but such a motion must be filed before the sixty (60) day deadline expires. *Id*. Cause under this section is not defined by the Code. Despite the absence of the Code's definition of cause, where a bankruptcy Court determines the Creditor "possessed notice of the bankruptcy proceedings at a date early enough for them to act upon their knowledge" a motion to extend should not be granted for cause. *See Sanchez Ramos v. Compton*, (*In re Compton*), 891 F.2d 1180, 1185 (5th Cir. 1990). In *In re Diamond*, the Bankruptcy Appellate Panel of the Eighth Circuit held where 1) a Creditor had twenty-two (22) days' notice prior to the deadline for filing a dischargeability complaint, and 2) the Creditor failed to file a complaint and only filed a motion to extend deadline, twenty-two days was sufficient notice and the Creditor had time to protect its rights. 530 B.R. 451, 456 (B.A.P. 8th Cir 2008). Creditor's Motion to Extend Deadline was not granted. *Id.* Earlywine's amendment to add Garza as a creditor was filed within this exact time frame and there is nothing in the record to show that this time period was inadequate for Garza to file a complaint. The exhibits submitted by Garza, including the Nebraska court orders, do not indicate that any grounds exist to object to discharge. In his Motion Garza simply states he requires additional time but he does not provide any detail as to the possible grounds for a complaint or why additional time is required. According to his counsel in this pending matter, his firm has not been retained to handle the merits of any potential objection to Earlywine's discharge. He is unaware of whether any investigation or analysis has been completed in this regard. It appears from these representations that in spite of his various motions and the delay he seeks for entry of the discharge in Earlywine's bankruptcy, Garza has failed to undertake any action to gather facts to determine whether a cause of action related to discharge is justified and requires the additional time he requests.

Based upon the foregoing the Court FINDS that Garza has failed to meet his burden of proof to establish cause for an extension of time.

It is hereby ORDERED that:

1. The objections are sustained.

2. The Motions to Extend Time to Objection to Discharge and Dischargeability filed at are denied.

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Chapter Case